219 So.2d 888

**William Lyndale MALLORY**

**v.**

**STATE of Alabama.**

**7 Div. 849.**

Supreme Court of Alabama.

March 6, 1969.

Jas. D. Pruett, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., Richard F. Calhoun, and Jasper B. Roberts, Legal Research Aide, Montgomery, for the State.

BLOODWORTH, Justice.

Appellant appealed to the Court of Appeals of Alabama from an adverse ruling of the circuit court of Etowah County denying his writ of error coram nobis. Briefs were filed by both appellant's court-appointed attorney and the State in the Court of Appeals, and this cause was submitted February 20, 1969. It was then discovered that appellant was sentenced to life imprisonment and that the appeal should have properly been taken to this court. Thus, on February 26, 1969 the cause was transferred here and submitted on briefs.

Appellant complains of only one error, namely, that the trial court erred in permitting inquiry into the confidential relationship between appellant and his attorney (who represented him in the original case out of which the coram nobis arose) to the extent of eliciting information from that attorney about specific communications between the attorney and himself.

At his arraignment on five first degree burglary charges March 5, 1962, appellant, being represented by his own engaged counsel, Hon. Gary Burns, and Hon. E. G. Pilcher, pled "not guilty" and "not guilty by reason of insanity." His cases were set for trial March 12, 1962 before a jury. On the latter date, in open court, with his counsel present, he changed his pleas to "guilty" in one case, a jury was selected, a prima facie case made, and a verdict returned by the jury of "guilty" fixing the sentence at life imprisonment. (The other cases were "nol prossed" the court below found.) After allocutus, sentence was pronounced by the court. Presumably appellant commenced serving his sentence.

On May 10, 1965, appellant filed a petition for writ of error coram nobis. It was set for hearing before the court August 3, 1965. An attorney was appointed, the case continued several times, and finally was heard by the court February 3, 1966, on an amended petition filed by appellant's court-appointed counsel. The trial judge took the petition under advisement.

On May 16, 1966, the court below rendered a complete and detailed judgment making a finding contrary to each of appellant's contentions and denying the writ.

Thereafter, on appellant's giving notice of appeal and applying for a free transcript, an attorney was appointed, a free transcript was granted and the cause was appealed. There was some delay in the filing of the transcript of the evidence due apparently to the official circuit court reporter having become official court reporter for the United States District Court, Southern District of Alabama. (This court judicially knows that the trial judge below, Hon. Virgil Pittman, became a United States District Judge for the Middle and Southern Districts of Alabama, after the trial below.)

Appellant contends that the issue on the trial below revolved around whether he could produce sufficient evidence to support his allegations of mistreatment by arresting police officers sufficient to amount to coercion on his plea of "guilty" in the original cause. He complains that his own attorney in the original cause was called as a witness by the State on the coram nobis trial, and specifically asked whether the defendant had complained to him of any brutal mistreatment by the police. Appellant insists that allowing this testimony violated the privilege between attorney and client, and requires the reversal of the judgment below denying the writ of error coram nobis. Appellant relies on the case of Eldridge v. State, 126 Ala. 63, 28 So. 580.

The State also relies on *Eldridge*, supra. The State maintains that it was entirely proper to allow the attorney to testify that appellant never informed him of any such police brutality before trial, as rebuttal to the appellant's testimony that he did inform the attorney of the alleged police brutality.

We are of the opinion that appellant's contention is without merit and that judgment of the court below which denied appellant's writ of error coram nobis should be affirmed.

The following excerpts from the record are pertinent:

"MR. WILLIAM LYNDALE MALLORY, the petitioner, called as a witness in his own behalf * * *.

"DIRECT EXAMINATION BY MR. MITCHELL:

"*   *   *   *   *   *

"Q. Were you tried and convicted in the spring of 1962 of first degree burglary?

"A. Yes.

"Q. Did you plead guilty to that crime?

"A. Yes, sir.

"Q. Did your attorney at that time so advise you to plead guilty to that charge?

"A. Yes, sir.

"Q. Mr. Mallory, what other remarks did your counsel say to you at that time with regard to pleading guilty, other than advising you to do so? Why did he say it was wise to plead guilty at that time?

"A. The reason he gave me for pleading guilty was that he felt that I would get—stand a chance of going to the electric chair and he stated it would be wiser to accept a so-called 'cop-out' for the term of a life sentence in order to avoid the complete trial which may result in a death penalty.

\* \* \* \* \* \*

"CROSS EXAMINATION BY SOLICITOR RAYBURN:

\* \* \* \* \* \*

"Q. Well, what happened when you talked to Mr. Burns? Did you tell him about all these beatings and things you are telling the Court about this morning?

"A. Yes, sir, I stated that to him but he said because of lack of marks of evidence, it would be a shabby story.

"Q. Who said this?

"A. All three of them.

"Q. Who—what—all three of who? Name them.

"A. Mr. Floyd, Mr. Pilcher, and Mr. Burns. \* \* \*

\* \* \* \* \* \*

"THE COURT: Let me get something clear. Did I understand you to say that you told all three of them, or just Mr. Burns?

"A. I told Mr. Burns—all three of them were there—and they were running

"THE COURT: About these things you have testified about—by the officers?

"A. Yes, sir.

"THE COURT: All right."

We think since appellant's attorney inquired into "remarks" between counsel and client with regard to pleading "guilty" the State had the right to cross-examine on the "beatings" and mistreatment about which appellant had testified before the court. The court below itself inquired as to whether appellant told his attorneys about the alleged police brutality. Clearly, it was then proper for the State to call one of the attorneys to rebut this testimony by testifying that appellant had never mentioned such brutality to him before trial. It would seem the attorney possesses almost a right of personal privilege to deny or explain the innuendo that he would plead a client guilty who had been coerced, beaten and otherwise mistreated. As the attorney stated, if he had ever heard of such beatings, "I would have taken advantage of it on the trial, but I didn't hear anything about it."

We are clear to the conclusion that the testimony objected to was in rebuttal of testimony offered by the appellant himself as to communications between himself and his then attorneys and was therefore properly received. Eldridge v. State, supra.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.